20-3908-cv
*Bradley v. Hund*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-one.

PRESENT:　AMALYA L. KEARSE,
　　　　　　JOSÉ A. CABRANES,
　　　　　　JOSEPH F. BIANCO,
　　　　　　　　　　*Circuit Judges.*

---

MICHAEL HUND,

　　　　　　　　*Plaintiff-Appellee,*　　　　　　　　　20-3908-cv

　　　　　　　v.

VINCENT G. BRADLEY, in his official capacity as
Chairman of the State Liquor Authority,

　　　　　　　　*Defendant-Appellant,*

GOVERNOR ANDREW M. CUOMO, in his official capacity
as Governor of New York State,

　　　　　　　　*Defendant.*

---

**FOR PLAINTIFF-APPELLEE:**　　　　PETER J. SPERONI, Parlatore Law Group,
　　　　　　　　　　　　　　　　　　　LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:**　　SARAH L. ROSENBLUTH, Assistant
　　　　　　　　　　　　　　　　　　　Solicitor General, Barbara D. Underwood,

Solicitor General, Jeffrey W. Lang, Deputy Solicitor General (*on the briefs*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a November 13, 2020 order of the United States District Court for the Western District of New York (John L. Sinatra, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings.

Defendant-Appellant Vincent G. Bradley ("Bradley"), sued in his capacity as Chairman of the New York State Liquor Authority ("SLA"), appeals a November 13, 2020 Decision and Order of the District Court that granted the motion of Plaintiff-Appellee Michael Hund ("Hund") for a preliminary injunction prohibiting the SLA from enforcing that part of its Phase 3/4 Guidelines for Licensed On-Premises Establishments ("Guidance")—regulations issued to combat the spread of COVID-19—which prohibited covered establishments from hosting "advertised and/or ticketed" live music (the "Main-Draw Rule"). The District Court granted Hund's motion for a preliminary injunction on the ground that the Main-Draw Rule violated the Free Speech Clause of the First Amendment of the United States Constitution as a content-neutral restriction on expression that was arbitrary and not narrowly tailored to serve a significant government interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In an April 8, 2021 letter, Bradley informed the Court that the SLA was "in the process of updating its [Guidance]" in response to Governor Cuomo's Executive Order 202.98 (signed March 21, 2021) and related guidance from the New York State Department of Health, which permitted the reopening of events, arts and entertainment venues for ticketed and non-ticketed performances and live entertainment. Bradley indicated that the SLA "[did] not expect that its [Guidance] [would] continue to include restrictions on ticketed or advertised events." At oral argument on April 12, 2021, Bradley's counsel represented that the Guidance had been amended to permit bars and restaurants to host live, indoor, ticketed performances, thus arguably repealing the Main-Draw Rule.

We remand the case to the District Court to consider the motion for injunctive relief anew in light of arguably changed circumstances. We intimate no opinion as to the merits of this appeal.

## CONCLUSION

For the foregoing reasons, we **REMAND** the case to the District Court for further proceedings consistent with this order. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk